UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEAN NICHOLAS RAMSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-00164-NCC |
| ) | |
| TERRY ARNOLD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Sean Nicholas Ramsey's application to proceed in the district court without prepayment of fees and costs. For the reasons stated below, plaintiff's application will be granted. Additionally, the Court will order process to issue on the complaint as to defendant Terry Arnold.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a certified inmate account statement as required by 28 U.S.C. § 1915(a)(2). According to his application to proceed without prepayment of fees and costs, however, he receives deposits from his family totaling $30 to $50 per month. Based on this financial information, plaintiff will be assessed an initial partial filing fee of $8.00, which is twenty percent of his average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

At all times relevant to the complaint, plaintiff was incarcerated at the Potosi Correctional Center ("PCC") in Potosi, Missouri. He brings this case under 42 U.S.C. § 1983 against defendant Terry Arnold, case manager at PCC, in his individual capacity.

Plaintiff states that he was housed in the administrative housing unit at PCC beginning on December 15, 2021. For the first two days in administrative segregation, plaintiff states that he had only one pair of boxer shorts and a white t-shirt to wear. His property was brought to him after two days, but the property did not include any of his hygiene items, *i.e.*, toothbrush, toothpaste, deodorant, and soap.

Plaintiff states he immediately wrote a kite to his case manager, defendant Terry Arnold, regarding his missing hygiene items. Arnold did not respond to the kite. Later, when Arnold was on a walk-through of plaintiff's wing, plaintiff again asked him about his hygiene items. Arnold told plaintiff that he threw away his first kite, and plaintiff should write another. Plaintiff wrote another kite, but never received any response and his hygiene items were never returned.

On January 13, 2022, approximately one month after plaintiff had been placed in administrative segregation without his hygiene items, Arnold walked through plaintiff's wing again. This time plaintiff asked for an informal resolution request ("IRR") form from Arnold. Prior to this time, Arnold had told plaintiff he was out of IRRs for the last cells 25 to 30. Plaintiff received an IRR form and filed a complaint regarding his lack of pillow, toothbrush, toothpaste, deodorant, and soap. He never received any response.

After forty-eight days in administrative segregation without any hygiene items, plaintiff bought the hygiene items at the commissary. Plaintiff states, "I went all the noted time not being able to brush my teeth or use my soap and having no pillow to use for neck support and [for]

comfort[] to sleep. Arnold personally ignored my claims and failed to do the duties of his job title as case manager and correct my situation and get my personal (necessity) property."

Plaintiff states that he suffered bleeding gums, tooth pain, and "chipping teeth" because of his lack of hygiene items. Because of his lack of a pillow, he states he suffered severe pain in the neck, shoulders, back, and severe lack of sleep causing depression. For relief, he seeks full medical treatment from a chiropractor and full dental treatment, including cosmetic dentistry. In addition, he seeks $300 for each day that he had to go without his hygiene items.

## Discussion

The Eighth Amendment prohibits cruel and unusual punishment. While the Constitution does not mandate comfortable prisons, "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *White v. Nix*, 7 F.3d 120, 137 (8th Cir. 1993). To establish that a prisoner's conditions of confinement violate the Eighth Amendment, the prisoner must show that (1) the alleged deprivation is objectively, sufficiently serious, resulting in the denial of the minimal civilized measure of life's necessities, and (2) that the prison officials were deliberately indifferent to an excessive risk to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Carefully reviewed and liberally construed, the Court finds that plaintiff has stated a plausible claim that his conditions of confinement violated his Eighth Amendment rights and that defendant was deliberately indifferent to an excessive risk to plaintiff's health. For this reason, the Court will order the Clerk of Court to issue process on plaintiff's complaint as to defendant Terry Arnold. *See* 28 U.S.C. § 1915(d).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 11]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $8.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office as to defendant Terry Arnold in his individual capacity.

Dated this 22nd day of November, 2022.

      /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE