## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SEAN NICHOLAS RAMSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-00164-NCC |
| TERRY ARNOLD, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Terry Arnold's motion to dismiss (ECF No. 18). Plaintiff has not responded to the motion, and the time for doing so has passed. For the following reasons, defendant's motion will be denied.

### Legal Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual

allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff has presented "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570.

When evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "[I]f the essence of an allegation is discernible ... then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

**Background**

Plaintiff is a self-represented litigant currently incarcerated at Potosi Correctional Center ("PCC"). On November 22, 2022, the Court conducted an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915. The Court found that plaintiff had stated a plausible claim against defendant Terry Arnold for violation of plaintiff's constitutional rights. Specifically, the Court found that plaintiff had stated a plausible claim for deliberate indifference against Arnold when plaintiff was held in administrative segregation for forty-eight days without access to his hygiene items, including his toothbrush, toothpaste, deodorant, and soap. Plaintiff states that he suffered bleeding gums, tooth pain, and chipping teeth because his hygiene items had been confiscated. Additionally, because of his lack of a pillow, he states he suffered severe pain in the neck, shoulders, back, and severe lack of sleep causing depression. Plaintiff states that he filed an IRR regarding his lack of a pillow, toothbrush, toothpaste, deodorant, and soap. Eventually, after forty-

eight days asking that these items be returned, plaintiff states he bought new hygiene items at the commissary.

**Discussion**

Defendant has filed a motion to dismiss, stating that plaintiff did not file an appeal of his IRR and therefore he has not exhausted his administrative remedies under the PLRA. Because failure to exhaust administrative remedies is a mandatory requirement prior to filing suit, defendant seeks dismissal of this action.

Plaintiff's § 1983 action concerns prison conditions and therefore is subject to the PLRA's requirement the plaintiff exhaust "such administrative remedies as are available." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). Failure to exhaust is an affirmative defense under the PLRA. "[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Defendant has the burden of showing that a plaintiff prisoner failed to exhaust all available administrative remedies under the PLRA. *Jones*, 549 U.S. at 211-12.

In his complaint, plaintiff states first that he filed a grievance regarding his hygiene items and pillow. When asked the result of his grievance, plaintiff states: "I received a pillow after being without from 12/15/21 thr[ough] 2/1/22." The next question on the Court's form complaint asks what steps plaintiff took to appeal that decision. In response, plaintiff states: "I received a pillow, and had already been able to buy hygiene by this time. Arnold state if I resolved issue I could have a pillow."

Based on his complaint, it appears plaintiff rendered his grievance moot with respect to his hygiene items by buying these items at the commissary after forty-eight days. So he was no longer subjected to the complained-of conditions of confinement. The only grievance left to appeal would

be his lack of a pillow. To resolve this grievance, defendant offered to supply him a pillow. Plaintiff accepted, and did not pursue an appeal of the IRR.

Because the IRR is not in the Court record, the Court does not know whether PCC considered this IRR resolved. If PCC considered the IRR resolved, plaintiff would have nothing to appeal. By his own actions, plaintiff rendered his IRR moot. This raises a question about whether plaintiff had an "available" administrative remedy to exhaust. "Under the PLRA, the exhaustion requirement hinges on the 'availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). In *Ross*, the Supreme Court defined available as "capable of use for the accomplishment of a purpose and that which is accessible or may be obtained." *Id.*

The question here is whether plaintiff had any available administrative remedies after he bought his hygiene items and accepted the pillow defendant offered. Although the Court has not found any Eighth Circuit cases addressing this precise issue, other circuit courts that have addressed the issue have held that exhaustion is not required if plaintiff has already received the relief requested. *See, e.g.*, *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005) (prisoner who had received what he requested in his grievance does not need to continue to appeal to higher channels to exhaust remedies; "[D]efendants' notion that [plaintiff] should have appealed to higher channels after receiving the relief he requested in his grievances is not only counter-intuitive, but is not required by the PLRA."); *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (the PLRA "does not require exhaustion where *no* pertinent relief can be obtained through the internal process"); *Brooks v. Frank*, 2009 WL 1227880, *3 (D. Haw. May 1, 2009) (plaintiff's claim exhausted when he received notice that the prison was taking corrective action; "It makes no sense

to require the inmate to proceed with the grievance process when an inmate is told the matter is being resolved to the inmate's satisfaction.").

Additionally, defendant does not address whether plaintiff exhausted his administrative remedies with respect to his hygiene items. The motion to dismiss focuses instead on plaintiff's pillow. Because there is no record of the administrative proceedings regarding plaintiff's hygiene items, the Court cannot determine whether plaintiff exhausted his administrative remedies. On this record, and for these reasons, the Court cannot find that defendant has met his burden of showing plaintiff failed to exhaust all available administrative remedies under the PLRA.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Terry Arnold's motion to dismiss is **DENIED**. [ECF No. 18]

Dated this 27th day of January, 2023.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE