# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SEAN NICHOLAS RAMSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-CV-00164-NCC |
| | ) |
| TERRY ARNOLD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. 27), Motion for Summary Judgment (Doc. 37), Memorandum in Support of Defendant's Motion for Summary Judgment (Doc. 38), and Defendant's Statement of Uncontroverted Material Facts (Doc. 39). Plaintiff has not filed a response to either motion, and the time to do so has long passed.[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 19). In light of Defendant's Motion for Summary Judgment (Doc. 37), the Motion for Judgment on the Pleadings (Doc. 27) is **DENIED** as moot. For the following reasons, Defendant's Motion for Summary Judgment (Doc. 37) will be **GRANTED**.

---

[1] On December 21, 2023, the Court entered an Order providing Plaintiff an additional twenty-one days to respond to the Defendant's Motion for Summary Judgment and notifying him of the requirements of the Local Rules pertaining to his response. Plaintiff did not file a response, despite the Court directing him to do so, and despite the Court's warning that his failure to do so may result in the Court granting Defendant's unopposed Motion (Doc. 43).

## I. BACKGROUND

Plaintiff is a self-represented litigant who, at the time of filing his Complaint pursuant to 42 U.S.C. § 1983, was incarcerated at Potosi Correctional Center ("PCC") (Doc. 1 at 2). Plaintiff alleges that he was taken to an Administrative Housing Unit ("AD-SEG") on December 15, 2021, and did not receive any of his property for two days (*id*. at 3). When his property was brought to him, it did not include his hygiene products or a pillow (*id*.). Plaintiff claims that he immediately wrote to his case manager, Defendant, about his missing property, and that Defendant never replied to his "Kite" regarding the items (*id*. at 4). Plaintiff alleges he also asked Defendant about his missing items when Defendant walked through his wing and Defendant responded that Plaintiff should write a Kite (*id*.). Plaintiff then allegedly told him he already wrote a Kite, and Defendant responded that Plaintiff should write another one and that Defendant threw the other one away (*id*.). Plaintiff claims he wrote another Kite, but never received a response or his belongings (*id.*). Plaintiff further alleges that on January 13, 2022, Defendant did another walk-through, and Plaintiff asked him for an Internal Resolution Request ("IRR") for this matter, after Defendant said he was out of IRR's on a previous walk-through (*id*.). Plaintiff then filed an IRR regarding never receiving hygiene or a pillow (*id*.).

Plaintiff alleges he never received a toothbrush, toothpaste, deodorant, or soap until he bought it at the canteen forty-eight days after his arrival to AD-SEG (*id*.). Plaintiff alleges Defendant could have "called property" and gotten these items (*id*.). Plaintiff further alleges he did not get a pillow until February 1, 2022, and had no neck support, and was not comfortable to sleep (*id*.). Plaintiff alleges Defendant ignored his claims and failed to do his job and obtain Plaintiff's personal property for him (*id*.). With respect to the pillow, allegedly Defendant told

Plaintiff he could have a pillow if he resolved the issue (presumably the IRR he had filed), and Plaintiff was then given a pillow[2] (*id*. at 7).

Plaintiff alleges the following injuries: bleeding gums, tooth pain, chipping teeth, severe pain in his neck, shoulder, and back, and severe lack of sleep causing depression (*id*. at 4). At the time of filing his Complaint with the Court, Plaintiff alleged he had not gotten medical help for his gums or teeth, but "an HSR was put in" (*id*.). Regarding his neck, shoulder, and back pain, he was given ibuprofen and muscle rub and was told to put in another "HSR" if the pain continued after two weeks (*id*.). He alleges he has had no medical help for his severe lack of sleep and resulting depression (*id*.).

Plaintiff seeks paid medical treatment from a chiropractor and paid dental treatment, including cosmetic treatment (*id*. at 5). He also seeks $300.00 per day that he had to go without his personal property (*id*.).

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[2] Defendant previously filed a Motion to Dismiss (Doc. 18) stating that Plaintiff"s claims should be dismissed because he did not file an appeal of his IRR and therefore had not exhausted his administrative remedies under the PLRA. The Court determined that it appeared Plaintiff rendered his grievance moot with respect to his hygiene items by buying these items at the commissary after forty-eight days (Doc. 21 at 3). Also, once Defendant offered Plaintiff a pillow and he accepted, Plaintiff did not pursue an appeal of the IRR (*id*. at 4). The IRR was not in the Court record and the Court did not know whether PCC considered the appeal resolved, and if so, Plaintiff would have had nothing to appeal (*id*.). Further, the Court noted that if any further administrative remedies were available, Plaintiff was not required to exhaust these remedies after he bought his hygiene items and accepted the pillow defendant offered (*id.* at 4-5). Defendant did not address whether Plaintiff exhausted his administrative remedies with respect to his hygiene items, and only focused on the pillow (*id*. at 5). Without a record of the administrative proceedings regarding Plaintiff's hygiene items, the Court could not determine whether Plaintiff exhausted his administrative remedies, and the Court could not find that Defendant met his burden of showing Plaintiff failed to exhaust all available administrative remedies under the PLRA (*id*.).

The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once the moving party demonstrates that there is no genuine issue of material fact, the "opponent must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co, Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit[3] and other evidence showing a genuine factual dispute that must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson*, 477 U.S. at 248).

"The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotation omitted). "Conclusory affidavits do not provide a basis upon which to deny motions for summary judgment." *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993).

Furthermore, in ruling on a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

Notably, Plaintiff did not respond to the Motion for Summary Judgment, even after the Court directed him to do so and afforded him additional time outside of the proscribed deadline

---

[3] In this case, Plaintiff's complaint is verified, as it was signed and dated as true under penalty of perjury (Doc. 1 at 10), and as such, may be treated as an affidavit for purposes of summary judgment. See *Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 995-96 (8th Cir. 2001).

4

(Doc. 43).  Pursuant to Fed.R.Civ.P. 56(e):

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Fed.R.Civ.P. 56(e).  Rule 56(c) also

> [m]andates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex*, 477 U.S. at 322.

The Court also notes that, under Local Rule 4.01(E), a movant's facts are deemed admitted if not specifically controverted by the party opposing the motion.  E.D.Mo.L.R. 4.01(E), and, therefore, Defendant's Statement of Uncontroverted Facts (Doc. 39) are deemed admitted by Plaintiff for the purpose of ruling on this motion.

Despite Plaintiff's failure to respond, the Court does "not treat this non-response as sufficient to dispose of the motion." *Jones-El v. Godert*, No. 2:18-CV-65-JMB, 2019 WL 6727492, at *7 (E.D. Mo. Dec. 11, 2019).  The Court will examine the record before it, reviewing the facts in a light most favorable to the Plaintiff, and decide for itself whether the motion should be granted *(id.)*.

### III.  EIGHTH AMENDMENT CLAIMS

While it is not the job of the courts to micro-manage state prisons, the courts "must take cognizance of the valid constitutional claims of prison inmates." *Hosna v. Groose*, 80 F.3d 298, 303-04 (8th Cir. 1996) (internal quotation omitted).  "A prisoner alleging an Eighth Amendment

5

violation must prove both an objective and subjective element." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004).  This two-part standard requires that the defendant's conduct "objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities." *Id*. (internal citations and quotations omitted).  "The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Id.  See also Scott v. Carpenter*, 24 Fed.Appx. 645, 647 (8th Cir. 2001) ("A prison official can only be held to have violated the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the official must be deliberately indifferent to the prisoner's health."). Deliberate indifference is established when the plaintiff shows that "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels*, 382 F.3d at 875.

### A.  LACK OF TOOTHBRUSH, TOOTHPASTE, AND SOAP

"Inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).  Courts have long held that a prisoner is entitled to basic personal hygiene, since it "falls within the minimal civilized measure of life's necessities." *Scott*, 24 Fed.Appx. at 647 (internal quotations omitted). "[A] long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).   Additionally, where a prisoner is forced to choose between purchasing hygiene products or pursuing legal rights because they cannot afford both, the Eighth Amendment is violated. *Jones v. Johnson*, No. 4:09-CV-118-HEA, 2014 WL 50853, at *5 (E.D. Mo. Jan. 7, 2014).

More specifically, "[t]he denial of basic hygiene items such as a toothbrush and toothpaste for a sufficiently long period of time transcends mere discomfort or temporary adverse conditions." *Id*. at *4. The length of time a prisoner is subjected to harsh conditions is a crucial factor. *Howard*, 887 F.2d at 137. For example, courts have determined that the objective component of an Eighth Amendment Claim is established by a Plaintiff showing that Defendant deprived him of access to hygiene items, including a toothbrush and toothpaste for seven months. *Jones-El*, 2019 WL 6727492, at *13.

### 1. Deprivation

In Defendant's Memorandum in Support of his Motion for Summary Judgment (Doc. 38), he asserts that Plaintiff's claimed deprivations do not rise to the level of Eighth Amendment violations under relevant case law, and that even if the Court concludes an Eighth Amendment violation occurred, Defendant is entitled to qualified immunity because he could not have reasonably known his conduct was a violation based on well settled case law (*id.* at 1, 2).

More specifically, Defendant asserts that being denied a pillow, toothbrush, soap, and other hygiene items for over a month is not a constitutional violation (*id*. at 3-4). Defendant cites a number of cases to support his contention:

> Being denied a pillow is not a constitutional violation. *See Sumlin v. Chambers*, 1:23-cv-31-SPM, 2023 WL 2524942, [at *]5 (E.D. Mo. March 15, 2023) (holding that an inmate is not guaranteed clothes or bedding under the United States Constitution). Being denied a toothbrush for over a month is not a constitutional violation. *See Jones v. Price*, 4:19-cv-1186-CDP, 2021 WL 2589132 (E.D. Mo. June 24, 2021) (holding no constitutional violation where inmate was denied a toothbrush for 36 days). Being denied soap and other hygiene items for over a month is not a constitutional violation. *See Scher v. Purkett*, 758 F.Supp. 1316, 1317 (E.D. Mo. March 18, 1991) (holding "[i]tems such as shampoo and deodorant may enhance one's beauty, appearance, and level of personal hygiene. The denial of these toiletries, however, does not rise to the level of a constitutional violation.")
> Although not required under *Sumlin*, Plaintiff was provided a pillow while in administrative segregation. S.U.M.F. ¶ 3. Under *Jones*, the court held that there

> was no constitutional violation when an inmate did not have a toothbrush for 36 days. Under *Scher*, the denial of other hygiene products like shampoo and deodorant is not a constitutional violation. Shampoo and deodorant are common hygiene products used to cleanse oneself, similar to the soap claimed by Plaintiff in his complaint.

(*id*. at 3-4).

Defendant further asserts that Plaintiff was permitted to purchase hygiene products from the canteen, and therefore Defendant's failure to return his hygiene products did not deny Plaintiff access to products as required to state a claim under the Eighth Amendment (*id*. at 6). Specifically, Defendant asserts that inmates have access to the canteen every thirty days and Plaintiff was not prevented from visiting the canteen (*id*. at 4). Defendant provided Plaintiff's account information showing that Plaintiff went to the canteen on January 25, 2022 and spent $18.53 (Doc. 39, ¶ 4, Doc. 19-3 at 3), and therefore, went no more than forty-one days without the ability to purchase hygiene products (Doc. 38 at 4). Defendant asserts that it cannot be said that Defendant denied Plaintiff the "minimal civilized measure of life's necessities" because Plaintiff was able to purchase hygiene products while he was in AD-SEG (*id*.). Defendant asserts that a failure to return hygiene products did not deny Plaintiff's access to hygiene products since he was permitted to purchase said products (*id*. at 6).

Viewing the facts in the light most favorable to the Plaintiff, and construing his Complaint liberally, Plaintiff's Eighth Amendment claims fail because he does not establish that he was denied hygiene products, only that his previous hygiene products were not returned. Plaintiff did not allege that he lacked sufficient funds to purchase hygiene items, nor that he was unable to go to the canteen to buy them. On the record before the Court, Plaintiff has not shown that a deprivation occurred. The uncontroverted facts establish that Plaintiff was able to purchase hygiene supplies while in AD-SEG. Defendant provided PCC documents confirming

that Plaintiff was assigned to AD-SEG from December 28, 2021 to January 27, 2022, and from February 2, 2022 to February 22, 2022 for a conduct violation, namely "Offender Ramsey was found to be in possession of a prison-made weapon fashioned out of a piece of mirror. He was also in possession of Tattoo Paraphernalia." (Docs. 39-1, 39-2).

Defendant also provided a verified copy of Plaintiff's offender account with the Missouri Department of Corrections for the period of December 1, 2021 to January 31, 2022, which includes information regarding balance and transactions for the noted time period (Docs. 39-3). Plaintiff's account statement shows a canteen purchase of $18.53 on January 25, 2022 (*id*. at 3). The statement also shows an opening balance of $50.03, and a closing balance of $112.50 (*id*.). In other words, Defendant has shown that Plaintiff both had access to the canteen to purchase hygiene supplies, and had sufficient funds to do so. Plaintiff has provided no evidence whatsoever that he was denied access to the canteen at any time, or to otherwise controvert the facts set forth by Defendant.

Defendant further asserts that "[i]nmates in administrative segregation are allowed to visit the canteen every thirty days." (Doc. 38 at 4). Where "[t]he uncontroverted facts establish that [Plaintiff] was able to purchase adequate hygiene supplies on a regular basis, even while in punitive isolation," the Plaintiff fails to establish that "he was denied the minimal civilized measure of life's necessities." *Scott v. Burl*, No. 5:17-CV-00098 DPM-PSH, 2019 WL 3425061, at *5 (E.D. Ark. May 9, 2019). Additionally, "prisoners can be expected to bear some responsibility for their own hygiene. An Eighth Amendment violation requires a jailer to deprive a prisoner of a 'single, identifiable human need.'" *Scott*, 24 Fed.Appx. at 648 (quoting *Wilson v. Seiter*, 501 US. 294, 304 (1991)). Where an inmate was offered the opportunity for showers and the officers did not interfere with his requests, the court determined that the inmate was only

9

deprived of his needs by his own choice.  *Scott*, 24 Fed.Appx. at 648.  Similarly, Defendant has shown that Plaintiff was afforded the opportunity to purchase hygiene supplies, and he chose to do so on January 25, 2022.  Plaintiff provided no evidence that waiting until this date was anything but his own choice.

>A nearly identical case from a district court in Michigan opined that:
>
>Plaintiff's financial records, … demonstrate that he had the financial wherewithal to make [] a toothpaste purchase.  Plaintiff therefore fails to allege that he did not and could not have acquired and possessed toothpaste during his period of segregation.  He merely asserts that Defendants deprived him of his right to receive the toothpaste already in his personal property. . . .

*Furman v. Traylor*, No. 1:19-CV-820, 2019 WL 6271097, at *8 (W.D. Mich. Nov. 25, 2019).

Further, even if the Court construed Plaintiff's Complaint to adequately allege he was denied hygiene items, his ability to obtain these items every 30 days is sufficient to refute an Eighth Amendment claim.  "Even assuming that Plaintiffs introduced evidence that supported the allegations in their complaint that they were denied certain hygiene items, and were given fresh bed linens once every 30 days," the defendant should still prevail.  *Huggins v. Brassell*, No. 5:08-CV-00216, 2009 WL 856869, at *3 (E.D. Ark. Mar. 27, 2009).  A denial of a change of clothes, clean underwear, socks, towels, and soap, for a limited time period (even once every 30 days), does not rise to the level of a constitutional violation.  *Id.*  Even assuming Plaintiff couldn't make purchases for forty-one days, an Eighth Amendment violation has not occurred.  See *Scott*, 2019 WL 3425061, at *6 (finding that where an inmate could purchase hygiene supplies every month to six weeks while in punitive isolation, no Eighth Amendment violation was found).

Nothing in Plaintiff's Complaint contradicts Defendant's assertions, nor has Plaintiff provided any evidence whatsoever to the contrary.  The Court is also not at liberty to speculate as

10

to why Plaintiff waited forty-one days to purchase supplies where the Plaintiff provided no reason whatsoever, and the Defendant proved that the Plaintiff did, in fact, have access to the canteen and funds to purchase supplies.  The record simply does not support a finding that Plaintiff was forced to go without hygiene supplies while in AD-SEG.

Accordingly, Plaintiff has not made the requisite showing to establish an Eighth Amendment violation, and Defendant is entitled to summary judgment on Plaintiff's Eighth Amendment claims as to lack of hygiene supplies including toothbrush, toothpaste, and soap.

### 2. Deliberate Indifference

Plaintiff also fails the second prong of the Eighth Amendment violation test.  Plaintiff has not alleged or provided evidence that he made any of his medical concerns known to Defendant.  Plaintiff provides no information as to when he began suffering any pain or negative effects, or when or if he reported it to Defendant.  Plaintiff claims that he repeatedly made reports and asked during walk-throughs about his *unreturned property*, but he failed to allege or otherwise show that he told Defendant that he was suffering from a serious medical condition.

Plaintiff's Complaint shows that Plaintiff must have alerted someone, at some point, of his alleged ailments, because he claims that he was provided treatment for his back and neck pain, and that some action was being taken as to dental issues (Doc. 1 at 4).  There is nothing in the record, however, showing that Plaintiff requested treatment and was denied, or at what point Defendant would have been made aware that Plaintiff was suffering in any way beyond his grievance based on a failure to return property.  Plaintiff did not allege or provide evidence of requests for treatment, delay of treatment, or any medical evidence whatsoever. Plaintiff has not submitted any evidence that his condition was worsened by Defendant's refusal to provide any of the items.  In other words, Plaintiff did not show that Defendant was aware of but disregarded an

11

excessive risk to inmate health or safety.  Plaintiff did not show that Defendant was aware of any risk to his health, only that he filed documents to get his property back. Further, there was little or no risk of harm where the prisoner had funds and the items he needed were available to purchase.

### B.  LACK OF DEODORANT AND PILLOW

"Mere discomfort or temporary adverse conditions which pose no risk to health or safety do not implicate the Eighth Amendment." *Jones v. Huffman-Phillips*, No. 1:12-CV-70-LMB, 2013 WL 5442906, at *5 (E.D. Mo. Sept. 30, 2013).  "Conditions are not cruel and unusual merely because they are harsh or uncomfortable.  To be cruel and unusual, the plaintiff must be deprived of one or more of the basic necessities of life." *Hartman v. Cassady*, No. 07-4016-CV-C-NKL, 2007 WL 1577645, at *3 (W.D. Mo. May 31, 2007) (finding that a "fluffy" pillow is not a basic necessity of life, absent a medical necessity).

Additionally, to the extent that Plaintiff claims that a lack of pillow or deodorant violates his Eighth Amendment rights, these claims fail, as neither a pillow, nor deodorant is a basic necessity of life. *See id.*; *Williams v. Delo*, 49 F.3d 442, 445-46 (8th Cir. 1995) ("there is no absolute Eighth Amendment right not to be put in a cell without clothes or bedding."); *Larson v. Lake*, No. 17-CV-3551, 2019 WL 5150832, at *13 (D.Minn. June 10, 2019) (deciding deprivation of a pillow is not a sufficiently serious condition that denies an inmate the minimal civilized measure of life's necessities); *Scher v. Purkett*, 758 F.Supp. 1316, 1317 (E.D.Mo. 1991) ("Items such as shampoo and deodorant may enhance one's beauty, appearance, and level of personal hygiene.  The denial of these toiletries, however, does not rise to the level of a constitutional violation.").

### C.  CONSTITUTIONAL CLAIM REGARDING DEPRIVATION OF PROPERTY

Defendant asserts that Plaintiff's claims regarding Defendant's failure to return Plaintiff's hygiene products did not constitute an Eighth Amendment violation (Doc. 38 at 6).  To the extent Plaintiff is making a constitutional claim based on failure to return his property without due process of law, this claim falls short as well.  Where the taking of property is negligent, "no due process claim exists," and where intentional, there is no violation of due process under § 1983 where the state provides an adequate post-deprivation remedy.  *Moore v. Calvin*, No. 4:20-CV-1189-NAB, 2020 WL 5653489, at *2-3 (E.D. Mo. Sept. 23, 2020) (internal quotation omitted); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").

Plaintiff has made no allegation that there is not an adequate post-deprivation remedy in the state of Missouri, and, "in fact, the State of Missouri provides the postdeprivation remedy of replevin for the recovery of personal property, Mo. R. Civ. P. 99.01-99.15, and a common-law remedy for conversion."  *Moore*, 2020 WL 5653489, at *3.

Thus, to the extent that Plaintiff attempts to claim a Constitutional violation based on the deprivation of property, Defendant is entitled to Summary Judgment on this claim.

### IV.  QUALIFIED IMMUNITY

Defendant asserts that even if a Constitutional violation is found, he is entitled to summary judgment on the basis of qualified immunity (Doc. 38 at 5).  "Qualified immunity shields public officials from liability for civil damages if their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

13

*Dillard v. O'Kelley*, 961 F.3d 1048, 1052 (8th Cir. 2020) (en banc) (internal quotation marks omitted). "Qualified immunity is a question of law and is appropriately resolved on summary judgment." *Scott*, 2019 WL 3425061, at *3 (citing *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

A court undertakes a two-part test to determine whether a government official is entitled to qualified immunity, examining: (1) whether the plaintiff demonstrated a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the violation. *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010). Courts may determine which question to address first. *Id*. As for the second question, the analysis narrowly focuses on the specific context of the case, but "officers cannot escape suit merely because no prior case involved exactly the same facts as alleged by the plaintiff." *Id.* at 1013. "To defeat a claim of qualified immunity, the contours of an alleged constitutional right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Smook v. Minnehaha County*, 457 F.3d 806, 813 (8th Cir. 2006) (internal quotation omitted). In other words:

> [w]e have often stated that officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines. We have never held, however, that bright lines only exist where facts as alleged are identical to what a court has previously addressed. Rather, the Supreme Court has clearly stated that in establishing qualified immunity, the test must be applied at a level of specificity that approximates the actual circumstances of the case.

*Williams*, 600 F.3d. at 1013-14 (internal citations and quotations omitted).

The Court has already determined that Plaintiff's claims fail to rise to the level of a Constitutional violation and that there is no genuine dispute of material fact as to Plaintiff's Eighth Amendment Claims and that Defendant is entitled to qualified immunity based on the first prong of the test.

Furthermore, Defendant asserts that even if a Constitutional violation was found, Plaintiff has not shown that Defendant violated a clearly established right (Doc. 38 at 5). Defendant fortifies his qualified immunity argument by citing a string of cases that have not found constitutional violations in similar situations, meaning that even assuming a constitutional violation here, the violation at hand is in no way clearly established (*id.* at 6).  Defendant points to the following cases and their holdings: *Sumlin v. Chambers*, 1:23-cv-31-SPM, 2023 WL 2524942, at *5 (E.D. Mo. Mar. 15, 2023), which held that the Constitution does not guarantee clothes or bedding to an inmate; *Jones v. Price*, 4:19-cv-1186-CDP, 2021 WL 2589132 (E.D. Mo. June 24, 2021), which held there was no constitutional violation when an inmate was denied a toothbrush for 36 days; *Scher v. Purkett*, 758 F.Supp. 1316, 1317 (E.D. Mo. 1991), which held that denial of shampoo and deodorant was not a constitutional violation; and *Scott v. Burl*, 5:17-CV-98-DPM-PSH, 2019 WL 3425061, at *5 (E.D. Ark. May 9, 2019), which held there was no constitutional violation where an inmate was allowed to purchase hygiene products at one-month intervals (Doc. 38 at 3-4).

At least one case appears to conflict with those cited by Defendant, in that a thirty-day deprivation constituted an Eighth Amendment violation. *See Thomas-El v. Francis*, No. 4:20-CV-589-SNLJ, 2022 WL 17039154, at *9 (E.D. Mo. Nov. 17, 2022), in which the court found that "a deprivation of toothpaste that leads to tooth aches and cavities is a violation of Eighth Amendment rights."  In the *Thomas-El* case, the court stated that "the law of this Circuit is well established as to that right: a months-long deprivation of basic hygiene supplies is a constitutional violation, especially when the deprivation of such supplies can lead to foreseeable risk of injury." *Id*.

Specifically, with respect to hygiene items, the relevant caselaw has not clearly defined the amount of days, weeks, or months when a deprivation is construed as temporary or long-term.  In light of this, it cannot be said that an official would know he was violating Constitutional rights at the forty-one day mark based on a "robust consensus" of relevant caselaw.   Furthermore, an official cannot be expected to assume these cases apply to a scenario in which an inmate has access to the canteen and adequate funds to purchase items.

Under these particular circumstances, no reasonable official in Defendant's position could have known that his conduct violated a clearly established right, and Defendant is entitled to summary judgment on the basis of qualified immunity.

## V.  CONCLUSION

Based on the reasoning above, Defendant is entitled to summary judgment because Plaintiff's claims do not establish a violation of his Eighth Amendment rights, and even if they did, Defendant is entitled to qualified immunity on those claims.

Accordingly,

Defendant's Motion for Summary Judgment (Doc. 37) is **GRANTED**.

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice.

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

Dated this 25th day of March, 2024.

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Noelle C. Collins  
　　　　　　　　　　　　　　　　　　　　　　　　　　NOELLE C. COLLINS  
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE